# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2013

Lyle W. Cayce
Clerk

No. 12-40926
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYFORD ELTON LEACH,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-46-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Rayford Elton Leach, currently Texas prisoner # 416541, of violating 18 U.S.C. § 111(a)(1) when he assaulted a Deputy United States Marshal (the marshal) with an automobile. The district court sentenced him to 135 months in prison. After we affirmed his conviction and sentence, Leach filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Leach asserted that he had newly discovered evidence that he was arrested on June 16, 2009, rather than June 8, 2009, the date he assaulted the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marshal.   He therefore argued that the marshal was not engaged in the performance of his official duties when the assault took place.   Leach's evidence included (1) redacted emails and a letter from the TDCJ indicating that Leach was arrested on June 16, 2009; (2) a notation in Leach's medical records; (3) a Board of Pardons and Paroles report; and (4) Leach's Freedom of Information Act requests and the responses thereto.   He also argued that the Government suppressed the evidence regarding his arrest date in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).   The district court denied Leach's motion, and Leach appealed.

"Upon the defendant's motion, the [district] court may vacate any judgment and grant a new trial if the interest of justice so requires."   FED. R. CRIM. P. 33(a).   The district court also may grant a new trial based on *Brady* violations.   *United States v. Turner*, 674 F.3d 420, 428 (5th Cir.), *cert. denied*, 133 S. Ct. 302 (2012).   Although this court reviews the denial of a motion for a new trial for abuse of discretion, *United States v. Piazza*, 647 F.3d 559, 565 & n.3 (5th Cir. 2011) (noting it is unsettled whether review is for a clear abuse of discretion or a mere abuse of discretion), it considers alleged *Brady* violations de novo.   *Turner*, 674 F.3d at 428.

In order to obtain a new trial, whether pursuant to Rule 33 or because of a *Brady* violation, Leach must prove that his newly discovered evidence is, inter alia, material.   *See Piazza*, 647 F.3d at 565; *United States v. Runyan*, 290 F.3d 223, 245 (5th Cir. 2002).   Evidence is material if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed.   *United States v. Bagley*, 473 U.S. 667, 682 (1985).

We stated in Leach's direct appeal that a marshal's duties can include the apprehension of a suspect wanted by state authorities.   Moreover, the evidence in this case clearly shows that Leach was wanted by state authorities and that the marshal was attempting to apprehend Leach on June 8, 2009, when Leach struck the marshal with his vehicle.   The date Leach was formally arrested is

not material because it has no bearing on the Government's burden of proof under § 111(a)(1). *See United States v. Kelley*, 850 F.2d 212, 213-14 (5th Cir. 1988); *United States v. Lopez*, 710 F.2d 1071, 1074-75 (5th Cir. 1983). In light of the foregoing, the district court's denial of Leach's new trial motion is AFFIRMED. The Government's motion for summary affirmance is DENIED. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). Because no further briefing is required, the Government's alternative motion for an extension of time to file a brief is also DENIED.